23-7981
United States of America v. Joseph Swansbrough

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

PRESENT:
        RICHARD C. WESLEY,
        DENNY CHIN,
        MYRNA PÉREZ,
          *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                    No. 23-7981

JOSEPH SWANSBROUGH,

        *Defendant-Appellant*.

_____

FOR APPELLEE:                                   ADRIAN LAROCHELLE (Thomas R.
                                                Sutcliffe, *on the brief*), Assistant
                                                United States Attorneys, *for* Carla
                                                B. Freedman, United States
                                                Attorney for the Northern District
                                                of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:                         MELISSA A. TUOHEY, Office of the
                                                Federal Public Defender,
                                                Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Defendant-Appellant Joseph Swansbrough pleaded guilty to attempted coercion and enticement of a minor. Swansbrough was sentenced to a below-Guidelines sentence of 150 months in prison and 25 years of supervised release. On appeal, Swansbrough challenges his term of imprisonment as substantively unreasonable, arguing that it "fail[s] to incorporate all 18 U.S.C. § 3553(a) factors, particularly, his traumatic childhood," and "fails to properly account for the need to provide [him] with mental health and sex offender treatment in the most effective manner." Appellant Br. at 13, 17.

We assume the parties' familiarity with the remaining facts, the procedural

2

history, and issues on appeal.

## APPLICABLE LAW

We review a district court's sentence for abuse of discretion. *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). When reviewing a sentence for substantive reasonableness, this Court considers whether the § 3553(a)[1] factors support the sentence imposed. *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008) (internal quotation marks omitted). A sentence is deemed substantively unreasonable where it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

An appellate court will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

---

[1] Section 3553(a) requires that the court consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when determining what sentence to impose. 18 U.S.C. § 3553(a)(1). Additionally, under subsection (2) of § 3553(a), the sentence imposed must (i) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (ii) "afford adequate deterrence to criminal conduct;" (iii) "protect the public from further crimes of the defendant;" and (iv) "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(A)-(D).

## DISCUSSION

The record at sentencing belies Swansbrough's argument that the 150-month term of imprisonment is substantively unreasonable.[2]

The record makes plain that the district court considered Swansbrough's traumatic childhood and his need for treatment when fashioning his sentence, as required under § 3553(a). At sentencing, the district court explicitly flagged its "review[] and consider[ation] [of] all the pertinent information, including, but not limited to, the presentence investigation report, the addendum, the offer of proof, [and] submissions by counsel" when determining the appropriate sentence. App'x at 71:7–13. The pre-sentencing submissions by counsel included two reports examining Swansbrough's childhood and his need for treatment. *See* Appellant Br. at 6 nn.3–4 (discussing submission of the "Mitigation Report," prepared by the Center for Community Alternatives, which discussed Swansbrough's "unprocessed childhood trauma" and submission of the "Comprehensive and Specialized Risk Assessment," completed by Jacqueline Bashkoff, Ph.D., which discussed Swansbrough's "risk to reoffend" and how a sex offender treatment would "further reduce[]" that risk). Additionally, at

---

[2] Appellant makes reference to this Court's standard of review for assessing procedural reasonableness in its opening brief. *See* Appellant Br. at 14–15. To the extent Appellant attempts to challenge the procedural reasonableness of the sentence imposed, this challenge fails.

sentencing, the district court acknowledged Swansbrough's need for treatment, and "recommend[ed] [that he] participate in sex offender treatment with the Bureau of Prisons." App'x at 72:11–15. Based on the record, the district court did consider Swansbrough's childhood and need for treatment at sentencing, and it is not for this Court to "substitute [its] own judgment for [that of] the district court[]." *Cavera*, 550 F.3d at 189.

Furthermore, we see no reason to hold that Swansbrough's sentence was "shockingly high" or "unsupportable as a matter of law." *Rigas*, 583 F.3d at 123 (appellate review is "deferential to district courts and provide[s] relief only in the proverbial 'rare case'"). The district court ultimately imposed a sentence of 150 months' imprisonment—18 months below the lower end of the recommended Guidelines range of 168 to 210 months. And when determining that a non-Guidelines sentence was appropriate in Swansbrough's case, the district court highlighted its "concern[]" about Swansbrough's actions, including "the repeated nature of [his] attempt[s] to reach out and contact children." App'x at 72:4–6. In light of the applicable Guidelines range and the record at sentencing, the sentence in this case is not one that "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

For these reasons, the district court did not abuse its discretion in sentencing Swansbrough to a 150-month term of imprisonment.

5

\*     \*     \*

We have considered Appellant's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court